UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| Legacy Chiropractic, LLC, | ) | |
| | ) | |
| Plaintiff | ) | CASE NO. 3:24-cv-00668 |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Legacy Family Chiropractic LLC | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Plaintiff, Legacy Chiropractic, LLC ("Plaintiff"), by its counsel, and for its complaint against Defendant, Legacy Family Chiropractic LLC ("Defendant"), alleges and states as follows:

### INTRODUCTION

1. This action arises from Defendant's misappropriation of Plaintiff's LEGACY trademark. Plaintiff is a chiropractic clinic in Shipshewana, Indiana that provides chiropractic services under the LEGACY mark. Below is a screenshot from Google street view showing LEGACY signage at Plaintiff's facility in Shipshewana in October 2018:





2.      Defendant is a chiropractic clinic in Warsaw, Indiana that also provides chiropractic services under the name LEGACY.  Below is a screenshot from Google street view showing use of LEGACY at Defendant's clinic in Warsaw, which is a mere 30 miles from Plaintiff's facility in Shipshewana:



3.      Instead of pursuing its own independent brand identity, Rebekah Franklin, the wife of Defendant's CEO Dr. Jarod Franklin, contacted Plaintiff in or about late 2019 or early 2020 and asked to purchase the LEGACY trademark, but Plaintiff refused.  Despite this, Defendant launched its chiropractic clinic under the LEGACY name anyway with full knowledge of Plaintiff's trademark rights.

2

DMS 44136588.2

4. There has been actual confusion in the marketplace between Plaintiff and Defendant due to Defendant's use of Plaintiff's LEGACY trademark.

5. Plaintiff's CEO, Dr. Jeffrey Garofalo, called Defendant's CEO Dr. Franklin on or about June 25, 2024 in an effort amicably to resolve the issue of Defendant's unauthorized, infringing use of Plaintiff's LEGACY trademark. Dr. Franklin requested time to consider the matter, and Dr. Garofalo agreed to give Dr. Franklin until and including July 12, 2024 to respond to Dr. Garofalo. Dr. Franklin never responded to Dr. Garofalo.

6. Plaintiff sent a cease and desist letter to Defendant on July 23, 2024, demanding that this infringement stop and that Defendant compensate Plaintiff for the damages incurred due to the infringement. In an August 5, 2024 letter from Defendant's counsel, Defendant refused to stop using Plaintiff's LEGACY trademark.

7. By this action, Plaintiff seeks to put a stop to Defendant's illegal conduct and obtain compensation for the violations that have occurred thus far.

## THE PARTIES

8. Plaintiff, Legacy Chiropractic, LLC, is an Indiana limited liability company doing business at 2180 North 700 West, Shipshewana, Indiana 46565.

9. Upon information and belief, Defendant, Legacy Family Chiropractic LLC, is an Indiana limited liability company doing business at 550 West 300 North, Warsaw, Indiana 46582.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over any asserted state law claims under 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Defendant because it resides, does business, and has committed infringement in this jurisdiction.

12. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b). As noted above, Defendant resides in, does business in, and has committed acts of infringement in this judicial district, and a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

13. Continuously, since at least March 2018, Plaintiff has marketed its chiropractic and related services under the LEGACY mark. Plaintiff provides high quality, state of the art, compassionate chiropractic and related services to its patients, and has obtained a reputation for excellence in the chiropractic field. Patients travel from Kansas, Kentucky, Michigan, Missouri, New York, Ohio, Pennsylvania, Tennessee, Wisconsin, and Canada to receive care at Plaintiff's clinic. As a result of Plaintiff's use of the LEGACY mark in connection with its services, it has developed extensive goodwill in the LEGACY mark, and the LEGACY mark is an exceedingly valuable asset of Plaintiff.

14. Below are examples of Plaintiff's use of the LEGACY mark on signage at its facility in Shipshewana, Indiana and in social media:



4





5

15. Through its extensive use of the LEGACY mark, Plaintiff owns the common law trademark rights in the LEGACY mark in conjunction with chiropractic services at least within the geographic area served by Plaintiff.

16. Prior to launching Defendant's chiropractic clinic, Rebekah Franklin, the wife of Defendant's CEO, contacted Plaintiff and asked to purchase the LEGACY trademark. Plaintiff refused to sell this valuable asset.

17. Thereafter, despite full knowledge of Plaintiff's trademark rights in the LEGACY mark, on information and belief, Defendant launched a chiropractic clinic in Warsaw, Indiana on or around March 2020 under the name, LEGACY. Defendant is now a competitor of Plaintiff.

18. Defendant registered the domain name, mylegacyfamilychiro.com, on or around June 17, 2020 and markets its chiropractic services on a website at this domain name. Defendant has used this domain name, which incorporates the LEGACY mark, in a bad faith effort to compete with Plaintiff.

19. Despite Defendant's knowledge of Plaintiff's prior use of LEGACY for chiropractic services, Defendant improperly obtained a state trademark registration on LEGACY FAMILY CHIROPRACTIC from the Indiana Secretary of State on July 29, 2024. Defendant filed its application for a state trademark registration approximately two hours and thirty minutes after Plaintiff filed an application with the U.S. Patent and Trademark Office to register the mark LEGACY CHIROPRACTIC. Defendant is well aware of Plaintiff's federal application for trademark registration as evidenced by the fact that the August 5, 2024, letter from Defendant's counsel referenced in Paragraph 6 above makes reference to Plaintiff's federal trademark application.

20. Defendant, without Plaintiff's authorization or permission, has used and may continue to use (unless enjoined by this Court) the LEGACY mark to advertise and sell chiropractic services. In taking these actions, Defendant has been unfairly competing against Plaintiff. Defendant has willfully used Plaintiff's LEGACY mark without Plaintiff's consent and with the intent to capitalize on Plaintiff's goodwill and well-known reputation. These uses of the LEGACY mark were intended to be used in

commerce or in connection with the sale, offering for sale, and/or advertising of Defendant's services and have thus damaged Plaintiff.

## COUNT I
### (Lanham Act Violation – Trademark Infringement)

21. Plaintiff incorporates by reference herein Paragraphs 1 through 20 above.

22. Plaintiff has used and advertised the LEGACY mark in connection with its chiropractic services. As a result of such use and advertisements, the LEGACY mark has attained substantial goodwill throughout the industry. As a result of this longstanding and continuous use of this mark, Plaintiff has earned commercial success, recognition, and acceptance.

23. Long after Plaintiff acquired rights in the LEGACY mark, Defendant advertised and used the LEGACY mark in conjunction with the promotion and sale of chiropractic services.

24. Defendant's use of the LEGACY mark is without license from or consent of Plaintiff.

25. At all relevant times, Defendant had actual and direct knowledge of Plaintiff's prior use and ownership of the LEGACY mark.

26. Defendant's use of the LEGACY mark in commerce constitutes false designation of origin, false description, and false representation that Defendant's services are provided by, sponsored by, authorized by, or affiliated with Plaintiff. Defendant's actions are calculated to cause actual confusion and likely to cause confusion or mistake among purchasers as to the true origin, source, sponsorship, or affiliation of Plaintiff with Defendant and to trade on Plaintiff's goodwill in violation of 15 U.S.C. § 1125(a).

## COUNT II
### (Common Law Trademark Infringement and Unfair Competition)

27. Plaintiff incorporates by reference herein Paragraphs 1 through 26 above.

28. As a result of its continuous and substantially exclusive use, Plaintiff has established extensive goodwill as to the LEGACY mark in connection with chiropractic services long before Defendant's first use.

29. Defendant's use of the LEGACY mark constitutes an infringement of Plaintiff's common law trademark rights and constitutes unfair competition under the common law of the state of Indiana.

30. Defendant's use of the LEGACY mark further constitutes intentional, deliberate, and willful infringement.

31. As a result of Defendant's conduct, Plaintiff has suffered irreparable harm for which there is no adequate remedy at law.

32. As a result of Defendant's conduct, Plaintiff has also suffered actual damages.

## COUNT III
### (Anti-Cyber Squatting)

33. Plaintiff incorporates by reference herein Paragraphs 1 through 32 above.

34. On information and belief, Defendant has caused to be registered and has used, the domain name mylegacyfamilychiro.com, which incorporates and is confusingly similar to Plaintiff's LEGACY trademark in violation of 15 U.S.C. § 1125(d).

35. Defendant has used the mylegacyfamilychiro.com domain name with a bad faith intent to profit from Plaintiff's goodwill in the LEGACY mark in violation of 15 U.S.C. § 1125(d). Through the above conduct, Defendant is unfairly competing with Plaintiff.

36. As a result of Defendant's conduct, Plaintiff has suffered irreparable harm for which there is no adequate remedy at law.

37. As a result of Defendant's conduct, Plaintiff has also suffered actual damages.

## COUNT IV
### (Unfair Competition and Deceptive Trade Practices under Indiana Law)

38. Plaintiff incorporates by reference herein Paragraphs 1 through 37 above.

39. Defendant's conduct detailed above is in violation of Indiana law and constitutes, among other things, deceptive trade practices under Ind. Code 24-5-0.5-3.

40. Defendant has benefitted financially from its unfair competition and deceptive trade practices.

41. Defendant's unfair competition and deceptive trade practices have caused and is continuing to cause irreparable injury and damage to Plaintiff in an amount not yet capable of determination. Unless restrained, Defendant will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

42. Plaintiff is entitled to injunctive relief against Defendant, restraining further unfair competition and deceptive trade practices.

## COUNT V
### (Cancellation of Indiana State Trademark Registration)

43. Plaintiff incorporates by reference herein Paragraphs 1 through 42 above.

44. Despite Defendant's knowledge of Plaintiff's prior use of LEGACY for chiropractic services, Defendant obtained a state trademark registration for LEGACY FAMILY CHIROPRACTIC from the Indiana Secretary of State on July 29, 2024, and this registration was improperly granted. On information and belief, Defendant fraudulently obtained this Indiana state trademark registration. In particular, on information and belief, in the Indiana trademark application for LEGACY FAMILY CHIROPRACTIC, Defendant falsely asserted in its Verification Statement that no other organization has the right to use this trademark / service mark in Indiana either in identical form or in a form so resembling it as might be calculated to deceive.

45. Plaintiff is entitled to have this Indiana state trademark registration for LEGACY FAMILY CHIROPRACTIC cancelled pursuant to Ind. Code § 24-2-1-10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court to award the following relief:

A. Judgment on all counts against Defendant and in favor of Plaintiff;

B. A preliminary and permanent injunction enjoining and restraining Defendant, its subsidiaries, related companies, associates, agents, servants, employees, officers, directors, representatives, successors, assigns, attorneys, and all persons that act in concert and participation with it who learn of the injunction through personal service or otherwise:

    (1) From using any name or trademark confusingly similar to Plaintiff's LEGACY trademark;

    (2) From representing through words or conduct that Defendant or its services are authorized, sponsored, endorsed or otherwise connected with Plaintiff;

    (3) From any other conduct which causes, or is likely to cause, confusion, mistake, deception or misunderstanding as to the source, affiliation, connection or association of Defendant's services; and

    (4) From further acts of unfair competition and deceptive trade practices;

  C. An accounting of and award to Plaintiff in the amount of:

    (1) Defendant's profits as a result of its misconduct;

    (2) Damages sustained by Plaintiff on account of Defendant's misconduct;

    (3) Enhanced damages pursuant to 15 U.S.C. § 1117; and

    (4) Punitive damages;

  D. An award of reasonable attorneys' fees, this being an exceptional case, pursuant to 15 U.S.C. § 1117(a);

  E. For all appropriate damages and relief under 15 U.S.C. § 1125(d)(1) including transfer to Plaintiff of the "mylegacyfamilychiro.com" domain name;

  F. Destruction of all catalogs, advertisements, promotional materials or other materials in Defendant's possession, custody or control bearing the LEGACY mark and modification of Defendant's website to remove any reference to the LEGACY mark pursuant to 15 U.S.C. § 1118;

  G. Cancellation of Defendant's Indiana state trademark registration for LEGACY FAMILY CHIROPRACTIC pursuant to Ind. Code § 24-2-1-10.

  H. An award of prejudgment and post-judgment interest; and

  I. All other just and proper relief.

DMS 44136588.2

## JURY DEMAND

Plaintiff, by counsel, and under Fed. R. Civ. P. 38, demands a trial by jury of all issues triable of right by jury.

                                                        Respectfully submitted,

*/s/ D. Randall Brown*
D. Randall Brown (15127-49)
Michael E. Wever (26190-02)
**BARNES & THORNBURG** LLP
888 South Harrison Street, Suite 600
Fort Wayne, Indiana  46802
Telephone:   260-423-9440
Facsimile:   260-424-8316
Email:  *randy.brown@btlaw.com*
        *michael.wever@btlaw.com*

ATTORNEYS FOR THE PLAINTIFF
LEGACY CHIROPRACTIC, LLC

11